UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Steven David Pawliszko, | Civil No. 12-985 (ADM/AJB) |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Michelle Smith, Warden, | |
| Respondent. | |

---

This matter is before the Court, United States Chief Magistrate Judge Arthur J. Boylan, on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. This case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds Petitioner's habeas corpus petition is barred by the statute of limitations at 28 U.S.C. § 2244(d). The Court will therefore recommend that this action be dismissed with prejudice.

**I. BACKGROUND**

Petitioner, Steven David Pawliszko, was convicted and sentenced to serve 240 months in Chisago County District Court for attempted murder. On July 26, 2007, Petitioner crashed his motor vehicle into the garage door of his former girlfriend's home in order to gain access to the home through a connecting door. Petitioner was charged in Chisago County District Court with

1

five felony counts of attempted murder and assault.[1]  The first count of attempted first degree intentional murder was dropped before trial.  On February 27, 2008, the jury found Petitioner guilty of Counts 2, 3, 4, and 5.  The District Court sentenced Petitioner to serve 240 months for Count 2, attempted first degree murder during a burglary.  The District Court did not enter any sentences for the remaining counts.

Petitioner appealed his conviction to the Minnesota Court of Appeals.  The Court of Appeals affirmed the conviction in an unpublished decision filed on October 13, 2009.[2]  Petitioner then sought review by the Minnesota Supreme Court.  Petitioner's petition for review was denied on December 23, 2009.

Petitioner filed his first petition for a Writ of Habeas Corpus on March 1, 2011.[3]  The petition was summarily denied on May 16, 2011.[4]  Petitioner filed the underlying petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 19, 2012.[5]  Basing his petition on the same issues raised in his appeal before the Minnesota Court of Appeals, Petitioner lists seven grounds for relief:  (1) the trial court was in error when it refused to issue a requested self-

---

[1] Petitioner was charged with the following felony counts:  (1) attempted first degree intentional murder (Minn. Stat. §§ 609.185(1), 609.17 (2006)), (2) attempted first degree murder during a burglary (Minn. Stat. §§ 609.185(3), 609.17 (2006)), (3) attempted first degree murder during an act of domestic violence (Minn. Stat. §§ 609.185(6), 609.17 (2006)), (4) attempted second degree intentional murder (Minn. Stat. §§ 609.19, subd. 1(1), 609.17 (2006)), and (5) first degree assault (Minn. Stat. § 609.221, subd. 1(1) (2006)).

[2] *State v. Pawliszko*, No. A08-1399, 2009 WL 3255269 (Minn. Ct. App. Oct. 13, 2009).

[3] United States District Court for the District of Minnesota, Civil File No. 11- 525 [Docket File No. 1].  On March 1, 2011 Petitioner also filed a letter requesting an extension to file his application for a Writ of Habeas Corpus [Docket File No. 3].

[4] United States District Court for the District of Minnesota, Civil File No. 11- 525 [Docket No. 8].

[5] Petition under 28 U.S.C. § 2254 (hereinafter "Pet.") [Docket No. 1].

defense instruction, (2) criminal damage to property that occurs while the defendant is outside of a building does not constitute the predicate crime under the burglary statute (Minn. Stat. § 609.582 (2006)), (3) the trial court did not keep the prosecution's arguments within proper bounds, (4) prosecutorial misconduct, (5) ineffective assistance of counsel, (6) insufficient evidence to support a conviction for attempted first degree murder during a burglary (Minn. Stat. § 609.185(3) (2006)), and (7) witness credibility.[6] Petitioner also submitted a letter along with his petition, dated February 27, 2012, requesting relief from the one-year statute of limitations under the theory of equitable tolling.[7]

In an Order issued on May 15, 2012,[8] the undersigned directed Respondent to file either (1) a written answer to Petitioner's habeas corpus petition, or (2) a motion to dismiss Petitioner's habeas corpus petition on the grounds that the petition is time-barred under 28 U.S.C. § 2244(d)(1). Respondent filed a memorandum on June 13, 2012, asking this Court to dismiss Plaintiff's petition pursuant to 28 U.S.C. § 2244(d)(1) and asserting that Petitioner has failed to establish his entitlement to the doctrine of equitable tolling.[9]

## II. ANALYSIS

### A. Time to File and Equitable Tolling

---

[6] Pet. at 2.

[7] Pet., Attach. 3. The letter was submitted as an attachment to the primary habeas corpus petition on April 19, 2012. The letter itself is dated February 27, 2012.

[8] Order dated May 15, 2012 [Docket No. 4].

[9] Resp't Mem. at 2 [Docket No. 15].

Codified at 28 U.S.C. § 2254, habeas corpus entitles a person held in state custody to seek relief before a federal court. The Antiterrorism and Effective Death Penalty Act of 1996 mandates that a petition for a Writ of Habeas Corpus by a state prisoner must be filed within one year of: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action, (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," whichever is latest. 28 U.S.C. § 2244(d)(1)(A-D) (2012).

The "conclusion of direct review or expiration of time for seeking such a review" includes the time necessary to submit a petition for a Writ of Certiorari from the Supreme Court of the United States. *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998) ("[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by…the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court…."). Supreme Court Rule 13 provides that a petition for certiorari is timely filed when received by the Clerk of Court within 90 days from entry of judgment by a state court of last resort. Sup. Ct. R. 13.

The time restriction of 28 U.S.C. § 2244(d) may be tolled when appropriate. *Johnson v. Hobbs*, 687 F.3d 607, 610 (8th Cir. 2012) (citing *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010)). The doctrine of equitable tolling is appropriately applied to cases when circumstances

outside the control of the petitioner cause him to be unable to timely file for habeas corpus relief. To demonstrate that circumstances outside of the petitioner's control delayed filing for habeas corpus relief, the petitioner must establish "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The extraordinary circumstances must not be attributable to the behavior or actions of the petitioner and must be external to him. *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008) (en banc) *abrogated on other grounds by Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012). However, once the statute of limitations has run, it may not be tolled. *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) ("The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired.").

Petitioner did not file a petition for a Writ of Certiorari with the Supreme Court. Petitioner's one-year period to file a timely petition for a Writ of Habeas Corpus began running once he was no longer entitled to seek review from the Supreme Court. His time to file a timely petition lapsed on March 23, 2011. Petitioner filed this Petition for a Writ of Habeas Corpus on April 19, 2012.[10] Petitioner's letter of February 27, 2012, accompanying his petition for habeas corpus relief seeks to overcome the time bar of 28 U.S.C. § 2244(d) by invoking the doctrine of equitable tolling.[11]

**B. Petitioner's Request for Equitable Tolling**

---

[10] Pet.

[11] Pet., Attach. 3 at 5.

Petitioner filed a previous petition for habeas corpus relief on March 1, 2011.[12] The action was summarily dismissed for failure to state facts sufficient to establish an actionable claim for habeas corpus relief. Petitioner submitted a petition for habeas corpus relief in the present case on April 19, 2012.[13] Accompanying the present petition was the letter dated February 27, 2012. In the letter Petitioner addresses the March 1, 2011, petition and requests the statute of limitations in 28 U.S.C. §2244(d) be equitably tolled.[14]

Petitioner seeks equitable tolling on two grounds. First, Petitioner alleges he was denied access to his legal materials by personnel of the Minnesota Department of Corrections.[15] Petitioner was housed at the Minnesota correctional facility in Stillwater, Minnesota, following his sentencing. Petitioner was transferred from the Stillwater facility to undergo hospitalization at the medical unit at the Oak Park Heights Correctional Facility. Petitioner states that the staff of the Stillwater Correctional Facility refused to transfer his legal materials to him while he was hospitalized.[16] Petitioner submitted no evidence of either the duration of his hospitalization or requests made by him to have his legal materials transferred from MCF – Stillwater to MCF – Oak Park Heights.

Second, Petitioner alleges that he suffers from medical conditions that prevented him from timely filing for habeas corpus relief. Petitioner states in his letter dated February 27, 2012,

---

[12] United States District Court for the District of Minnesota, Civil File No. 11- 525.

[13] Pet., Attach. 3.

[14] *Id.* at 5.

[15] *Id.* at 1.

[16] *Id.*

6

that he suffers from a mental defect which precludes him from concentrating on daily tasks and that he also underwent hospitalization for an unrelated illness.

To demonstrate the medical difficulties he faced while drafting his petition, Petitioner included radiology reports referencing multiple diagnoses for his lung-related illness.[17] The reports alternately reference Petitioner's medical condition as "lung cancer,"[18] "fungus or mycobacterium,"[19] and "pneumonia with residual scarring."[20] Petitioner did not include medical reports indicating when his lung-related medical complications began, or when or how long he was hospitalized for his lung disease. Petitioner also submitted evidence that he applied for disability assistance from the Social Security Administration.[21] The letter indicates that Petitioner qualified for disability benefits as of November 29, 2000.[22] Finally, Petitioner submitted an untitled medical note referencing his medication levels as of February 16, 2012. The medications listed include an antipsychotic medication, an antianxiety medication, and antidepressants.[23]

## C. Insufficient Evidence to Support Equitable Tolling

---

[17] Pet., Attach. 2 at 3-5 (listed as Exhibits 5-7).

[18] *Id.* at 3 (Exhibit 5, dated July 20, 2010).

[19] *Id.* at 4 (Exhibit 6, dated April 22, 2011).

[20] *Id.* at 5 (Exhibit 7, dated January 25, 2011).

[21] *Id.* at 6 (Exhibit 8, dated December 21, 2004).

[22] *Id.*

[23] *Id.* at 7.

Petitioner has failed to meet the standard necessary to be granted equitable relief from the expiration of the AEDPA filing deadline for habeas corpus relief. The letter dated February 27, 2012, does not present a legal argument supporting Petitioner's eligibility for equitable tolling. The letter offers conclusory statements regarding the circumstances surrounding his March 1, 2011 petition for habeas corpus relief and the unfortunate chain of events relating to Petitioner's health.

Petitioner has not demonstrated sufficient physical incapacity to satisfy the "extraordinary circumstances" test. *Pace*, 544 U.S. at 418. Petitioner's only evidence of disability consists of radiology reports, a letter from the Social Security Administration, and a list of medications. Petitioner has not cited any case law supporting the proposition that his medical diagnoses or his hospitalization are sufficient to establish extraordinary circumstances warranting equitable tolling. Precedent from other circuits requires petitioners seeking equitable tolling because of hospitalization to plead sufficient facts demonstrating that hospitalization prevented filing a timely habeas corpus petition. *Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003). Evidence submitted must include when and for how long hospitalization occurred and at what stage of the proceedings. *Id.* Petitioner has provided no evidence regarding the duration or at what stage in the proceedings his hospitalization occurred.

Petitioner has not demonstrated sufficient mental incapacity to satisfy the "extraordinary circumstances" test. *Pace*, 544 U.S. at 418. Mental incapacity must be severe to satisfy the *Pace* elements. In *Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988), the Court rejected a request for equitable tolling in a disability benefit case despite the claimant's status as an illiterate, pro se petitioner. *Turner*, 862 F.2d at 710. The *Turner* Court held that, "ignorance of legal rights does not toll a statute of limitations." *Id.* (citing *Larson v. American Wheel & Brake, Inc.*, 610 F.2d

506, 510 (8th Cir. 1979)). Petitioner underwent a mental evaluation on January 29, 2008, following his arrest for the attempted murder of his ex-girlfriend.[24] The licensed psychologist found Petitioner competent to participate in the legal proceedings because his symptoms did not "meet a threshold of a psychotic disorder or other psychiatric condition that would currently preclude his participation."[25] Petitioner indicated in his letter dated February 27, 2012, that he is actively treating his psychiatric symptoms with medication.[26] But Petitioner's mental incapacity did not prevent him from writing to the state law library, nor did it prevent him from seeking out and securing "assistance in the preparation of…documents" from fellow inmates.[27]

## III. CONCLUSION

Petitioner's application for review of his criminal conviction by the Minnesota Supreme Court was denied on December 23, 2009. Petitioner had one year to file for habeas corpus relief following the lapse of the 90-day period reserved for filing a petition for a Writ of Certiorari with the Supreme Court of the United States. Petitioner had until March 23, 2011, to file his petition for a Writ of Habeas Corpus. Petitioner filed for habeas corpus relief on April 19, 2012. Petitioner acknowledged in his February 27, 2012 letter that he understood the AEDPA legislation imposed a time bar on petitions for habeas corpus relief.[28]

---

[24] Resp't Ex., Attach. 3 [Docket No. 10-3].

[25] *Id.* at 16.

[26] Pet., Attach. 3 at 4.

[27] *Id.*

[28] Pet., Attach. 3.

Petitioner was aware of the impending expiration of the period of limitations when he submitted his request for an extension to file for habeas corpus relief. Petitioner specifically cited his March 23, 2011 expiration date in his February 27, 2012 letter.[29] In the same letter, Petitioner references his ignorance of habeas procedures and his inability to secure information from the state law library. Petitioner stated that he "basically gave up" trying to file for habeas corpus relief.[30] However much the Court may be sympathetic to Petitioner's frustration, an equitable tolling of 28 U.S.C. § 2244(d) cannot be "based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance." *Kruetzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied,* 534 U.S. 863 (2001).

The Eight Circuit has clearly established that the use of equitable tolling should be limited. *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) ("[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent")). Petitioner has not provided sufficient evidence to satisfy the *Pace* elements for equitable tolling because (1) Petitioner has not diligently pursued his legal rights, and (2) Petitioner provided no evidence that his health issues were sufficiently extraordinary to prevent him from pursing his case. Petitioner has failed to satisfy the *Pace* elements for four reasons. First, Petitioner elected to forego certiorari review by the Supreme Court of the United States. Second, Petitioner waited until March 1, 2011,[31] to request the court extend his habeas corpus filing deadline. Third, Petitioner has documented that at least some of his cognitive issues existed before his imprisonment in 2008. Fourth, Petitioner

---

[29] *Id.* at 2.

[30] *Id.* at 5.

[31] *See* United States District Court for the District of Minnesota, Civil File No. 11- 525 [Docket File No. 3]. Petitioner filed a letter requesting an extension to file his application for a Writ of Habeas Corpus. Petitioner's application was summarily denied on May 16, 2011 [Docket No. 8].

has not provided evidence of the severity of either his mental or physical illnesses during the months preceding March 23, 2011, to justify a finding of extraordinary circumstances. Petitioner's actions do not satisfy the *Pace*'s elements for equitable tolling.

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a Writ of Habeas Corpus, (Docket No. 1), be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Dated: September 11, 2012

    s/Arthur J. Boylan
ARTHUR J. BOYLAN
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with 14 days after being served with a copy of this Report and Recommendation.  Objections must be filed with the Court before September 26, 2012.