# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Steven David Pawliszko,

        Petitioner,

v.

Michelle Smith, Warden,

        Respondent.

**MEMORANDUM OPINION AND ORDER**
Civ. No. 12-985 ADM/AJB

_____

Steven David Pawliszko, pro se.

Kristine Nelson Fuge, Esq., Chisago County Attorney's Office, Center City, MN, on behalf of Respondent.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Steven David Pawliszko's ("Pawliszko") Objection [Docket No. 18] to Magistrate Judge Arthur J. Boylan's September 11, 2012 Report and Recommendation [Docket No. 17] ("R&R"). Judge Boylan's R&R recommended denying Pawliszko's Writ of Habeas Corpus Petition [Docket No. 1] ("Petition") and dismissing the case with prejudice. After a thorough de novo review of the record and for the reasons stated below, Pawliszko's Objection is overruled and Judge Boylan's R&R adopted.

## II. BACKGROUND

Pawliszko is currently serving a 240-month Minnesota state court sentence for attempted murder. See Pet. 1. He was charged in Chisago County District Court with five felony counts of attempted murder and assault, was convicted by the jury on four counts, and was sentenced to 240 months imprisonment for Count Two, attempted first degree murder during a burglary. Id.

No sentences were entered for the remaining counts. See generally State v. Pawliszko, No. A08-1399, 2009 WL 3255269, at *1–2 (Minn. Ct. App. Oct 13, 2009).

Pawliszko appealed his conviction, and on October 13, 2009, the Minnesota Court of Appeals affirmed his conviction. Id. Pawliszko sought review by the Minnesota Supreme Court, which was denied on December 23, 2009.

On March 1, 2011, Pawliszko filed his first petition for a Writ of Habeas Corpus. Pawliszko v. King, 11-cv-525 (D. Minn. March 1, 2011) Petition for Writ of Habeas Corpus [Docket No. 1]. It was summarily denied on May 16, 2011. Pawliszko v. King, 11-cv-525 (D. Minn. May 16, 2011) Order Dismissing Case [Docket No. 8]. On April 19, 2012, Pawliszko filed his current habeas Petition raising the same issues as his 2009 appeal. Included with the Petition was a letter dated February 27, 2012, requesting relief from the one-year statute of limitations. See Pet. Att. 3.

### III. DISCUSSION

Pawliszko's habeas Petition must be denied because it is barred by the statute of limitations and equitable tolling is inapplicable here. A prisoner petitioning for writ of habeas corpus must do so within one year from the date of the latest of several occurrences, including the date on which the judgment became final, either by the conclusion of direct review or the running of the time for seeking such review. 28 U.S.C. § 2244(d)(1). Included in the calculation of the expiration for seeking review is the time necessary to submit a petition for a writ of certiorari to the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The deadline for submitting a petition for certiorari to the United States Supreme Court is ninety days from the entry of judgment by a state court of last resort. Sup. Ct. R. 13.

It is undisputed that Pawliszko failed to timely file his habeas Petition. The Minnesota Supreme Court denied review of his case on December 23, 2009, so the deadline for Pawliszko to file a petition for certiorari with the United States Supreme Court was March 23, 2010. Therefore, under the one-year statute of limitations, Pawliszko had until March 23, 2011, to file his habeas petition. Pawliszko's current Petition was filed April 19, 2012, more than a year late, and is therefore barred by the statute of limitations.

Pawliszko argues, however, that equitable tolling applies in his case. His previous habeas petition was filed on March 1, 2011. Pawliszko v. King, 11-cv-525 (D. Minn. March 1, 2011) Petition for Writ of Habeas Corpus. That habeas petition, however, was summarily dismissed for failure to state facts sufficient to establish an actionable habeas claim. In his letter attached to his current Petition, Pawliszko requests that the § 2244(d) statute of limitations be equitably tolled from his previous habeas petition.

The statute of limitations of 28 U.S.C. § 2244(d) may be tolled when circumstances beyond the petitioner's control cause the filing to be untimely. Johnson v. Hobbs, 678 F.3d 607, 610 (8th Cir. 2012) (citing Holland v. Florida, 130 S. Ct. 2549, 2560 (2010)). Two elements are required to establish that circumstances outside the petitioner's control delayed a habeas petition: (1) that the petitioner has been diligently pursuing his rights; and (2) that an extraordinary circumstance prevented his timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The extraordinary circumstance must be "external to the [petitioner] and not attributable to his actions . . . ." Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002). Equitable tolling is "an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

Pawliszko raises two arguments why his Petition should be equitably tolled. First,

3

Pawliszko contends that he was denied access to legal materials by the Minnesota Department of Corrections. He asserts that when he was transferred to a different correctional facility for hospitalization, the prison staff refused to transfer his legal materials. However, Pawliszko has offered no evidence of the duration of his hospitalization or of his requests for the legal materials. Second, Pawliszko alleges that his medical conditions prevented his timely filing for habeas relief. Specifically, he claims to suffer from a mental defect which precludes him from concentrating, as well as an unrelated illness for which he was hospitalized. To establish his medical difficulties, Pawliszko included radiology reports of his lung-related illness in his Petition. See Pet. Att. 2 at Exs. 5–7. The radiology reports do not state when the medical complications began or how long he was hospitalized. Id.

Pawliszko has failed to provide sufficient evidence to support his equitable tolling argument. Foremost, Pawliszko has not established that he diligently pursued his rights. No evidence was offered to explain why Pawliszko waited over two years after the Minnesota Supreme Court denied review of his case on December 23, 2009. As this necessary element has not been met, no equitable tolling is appropriate.

Furthermore, Pawliszko has failed to demonstrate that extraordinary circumstances outside his control prevented his timely filing. For Pawliszko's medical condition to justify the delay, he must provide sufficient facts demonstrating that hospitalization or a medical condition incapacitated him and prevented a timely filing. See Blatt v. United States, Civ. No. 06-15, Crim. No. 00-266, 2006 WL 1382320, at *3 (W.D. Mo. May 16, 2006) (finding equitable tolling inappropriate where petitioner failed to demonstrate that depression prevented him from timely filing his habeas petition); Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) (affirming district

4

court's denial of equitable tolling "[b]ecause [petitioner] simply provide[d] no reason why his medical condition barred him from filing his habeas petition at least one day earlier"); Roberts v. Cockrell, 319 F.3d 690, 695 (5th Cir. 2003) (affirming denial of equitable tolling because petitioner failed to provide the necessary details of his medical condition, including "when and for how long and at what stage of the proceedings they occurred"). Pawliszko's radiology reports reflect a lung-related illness but do not specify when it began, its duration, or the length of his hospitalization. See Pet. Att. 2 at Exs. 5–7. His untitled, unsigned, abridged medical note merely lists current medications, and his past qualification for disability benefits dates back to 2000. Id. at Exs. 8–9.

Regarding Pawliszko's unsubstantiated argument that he was denied access to legal materials, courts have routinely found this not to be an extraordinary circumstance. See Mendoza v. Minnesota, 100 F. App'x 587, 588 (8th Cir. 2004) (affirming denial of equitable tolling where petitioner claimed "inadequate access to law books and legal assistance"); Preston v. State, No. 99-3261, 2000 WL 995013, at *1 (8th Cir. 2000) (per curiam) (affirming denial of equitable tolling where petitioner based his delay on an inability to obtain transcripts from a former attorney).

Because Pawliszko has failed to provide sufficient evidence that his medical condition incapacitated him and prevented his timely filing, and because his lack of access to his legal materials does not constitute extraordinary circumstances, equitable tolling does not save his habeas Petition from being barred by the statute of limitations.

## IV.  ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Steven David Pawliszko's Objection [Docket No. 18] is **OVERRULED**;

2. Judge Boylan's Report and Recommendation [Docket No. 17] is **ADOPTED**;

3. Petitioner Steven David Pawliszko's Writ of Habeas Corpus Petition [Docket No. 1] is **DENIED**; and

4. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 10, 2012.